[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-1377

 UNITED STATES,

 Appellee,

 v.

 SAMUEL JORDAN,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Robert E. Keeton, U.S. District Judge]

 

 Before

 Selya, Boudin and Lynch,
 Circuit Judges.

 

Diana L. Maldonado on brief for appellant.
Donald  K.  Stern, United States Attorney, and Ben  T.  Clements,
Assistant United States Attorney, on brief for appellee.

 

 July 31, 1997
 

 Per  Curiam. Appellant, Samuel Jordan, appeals his

conviction after a jury trial of being a felon in possession of

a firearm, in violation of 18 U.S.C. S922(g)(1). He argues

that the district court committed prejudicial error in

admitting certain evidence of prior bad acts, in violation of

Fed. R. Evid. 403 and 404(b).

 "Determining the admissibility of evidence of other

(uncharged) bad acts requires a bifurcated inquiry. First, the

district court must be satisfied that the proffered material

has 'special' probative value, that is, that the evidence is

relevant not to show a defendant's propensity toward evil, but

to prove some controverted issue in the case. . . . Once shown

to be relevant in the requisite sense, the evidence must pass

still another sentry, embodied in Fed. R. Evid. 403. If the

evidence brings unwanted baggage, say, unfair prejudice or a

cognizable risk of confusing the jury, and if the baggage's

weight substantially overbalances any probative value, then the

evidence must be excluded." United  States v. Rodriguez-

Estrada, 877 F.2d 153, 155 (1st Cir. 1989).

 This court has "consistently recognized . . . that the

district courts have broad discretion as to discerning the

relevancy  vel  non of evidence, and as to gauging the probative

value versus prejudicial impact calculus." United  States v.

Tierney, 760 F.2d 382, 387 (1st Cir. 1985). "Only rarely --

and in extraordinarily compelling circumstances -- will [this

 -2-

court], from the vista of a cold appellate record, reverse a

district court's on-the-spot judgment concerning the . . .

weighing of probative value and unfair effect." Freeman v.

Package Machinery Co., 865 F.2d 1331, 1340 (1st Cir. 1988).

 1.  Testimony About Jordan's Gun Possession in March 1994.

 The first error alleged by Jordan is the district court's

admission of FBI Agent Barry O'Neill's testimony that in the

context of a conversation with Jordan in February 1995,

concerning a bank robbery that took place in March 1994, Jordan

stated that "Guns is my trade" and that in March 1994, he "had

a whole bag full of guns," most of which were semi-automatics.

Based upon our review of the record, including the trial

transcript, we agree with the district court that Jordan's

possession of other semi-automatic guns in March 1994, is of

special relevance to a material issue raised by this case:

whether he possessed the semiautomatic gun seized from the

scene of the crime on March 5, 1994. See United  States v.

Rose, 104 F.3d 1408, 1413 (1st Cir.),  cert. denied S.Ct. ,

1997 WL 251219, 65 USLW 3798 (1997) (reasoning that "[i]tems

linking Rose to pistols tended to corroborate [government

witness'] testimony that Rose was a participant in the

conspiracy and had possessed the [pistol in question]").

 Although the evidence is undeniably prejudicial, the

district court did not abuse its discretion in gauging that the

prejudicial impact of the evidence, which was reduced by the

 -3-

court's limiting instructions, did not outweigh its probative

value. "[I]t must be remembered that the trial judge is

Johnny-on-the-spot; he has savored the full taste of the fray,

and his considerable discretion must be respected so long as he

does not stray entirely beyond the pale."  Tierney, 760 F.2d at

388.

 2. Testimony  that  Jordan  Made  Statements  While  Being

Questioned  About  His  Involvement  in  a  Bank  Robbery  that

Occurred in March 1994.

 The district court's determination that this evidence was

relevant because it provided a context for Jordan's statements

regarding his possession of semi-automatic guns in March 1994,

was not an abuse of discretion. See United  States v. Davis,

792 F.2d 1299, 1306 (5th Cir. 1986) (upholding admission of

evidence that investigation of defendant initiated with a

search for a machine gun as "particularly relevant as placing

in context" and making more believable defendant's statements

that other guns that he was charged with possessing belonged to

him).

 Nor did the district court err in calculating that the

prejudicial impact of the "context" evidence did not outweigh

its probative value. While testimony linking Jordan to a bank

robbery has significant potential for prejudicial impact, that

potential was defused in several ways. First, the government's

line of questioning was narrowly tailored to minimize the risk

 -4-

of improper inferences. Second, the court's limiting

instructions, given directly after the testimony, further

minimized the risk of unfair prejudice.

 3. Testimony  About  Jordan's  Statement  that  the  Gun  was

Stolen.

 The district court admitted this evidence on the ground

that it was relevant to proof of the knowledge element of the

charged offense. Jordan argues that knowledge was not a

controverted issue in this case. We need not resolve that

question. Even if we assume (without deciding) that this

evidence should not have been admitted under Fed. R. Evid.

403(b), any error was harmless. Based upon our careful review

of the record, "it is highly probable that the error [,if any,]

did not contribute to the verdict." Rose, 104 F.3d at 1414.

 Appellant's conviction is affirmed. See Loc. R. 27.1.

 -5-